**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Ochoa,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-22-00476-TUC-RM (JR)<br><br>**ORDER** |

On August 31, 2023, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation ("R&R") (Doc. 22), recommending that this Court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand to the Commissioner for the immediate calculation and payment of benefits. The Commissioner filed an Objection (Doc. 23), to which Plaintiff Stephanie Ochoa responded (Doc. 24).

**I.     Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Commissioner denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. (Docs. 1, 18.)

Plaintiff applied for DIB and SSI benefits in September 2013, alleging a disability onset date of March 30, 2010. (AR 244, 246, 253, 260.) The Commissioner issued a

final decision finding that Plaintiff was not disabled, and Plaintiff initiated a civil action that resulted in the reversal of the Commissioner's final decision and a remand for a rehearing. (AR 1143-1163, 1204-1206; *see Ochoa v. Comm'r of Soc. Sec. Admin.*, No. 4:18-cv-00314-LAB.)

On March 11, 2020, Administrative Law Judge ("ALJ") Laura Havens held a hearing at which Plaintiff and vocational expert Erin Walsh testified. (AR 1115-1142.) On April 8, 2020, the ALJ issued a decision finding that Plaintiff is not disabled. (AR 1086-1105.) At step one of the sequential evaluation process set forth in 20 C.F.R. § 404.1520(a)(4), the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged disability onset date. (AR 1091.) At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, bilateral-knee degenerative joint disease, lumbago, cataplexy with syncope, asthma, anxiety, and depression. (AR 1092.) The ALJ found that Plaintiff does not have a severe neurocognitive or neurodevelopmental disorder. (*Id.*) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or equals the severity of a listed impairment. (AR 1092-1095.) At step four, the ALJ determined that Plaintiff has the residual functional capacity to perform light work except that she cannot climb ladders; cannot be exposed to heights or moving machinery; can have only occasional exposure to dust, fumes, and smoke; can understand, remember, and carry out simple job instructions; can have only occasional interaction with coworkers and the public; and cannot work in a fast-paced setting. (AR 1095-1103.) Based on this residual functional capacity, the ALJ found that Plaintiff cannot perform any past relevant work. (AR 1103.) At step five, the ALJ found that Plaintiff can perform the jobs of mail clerk, small parts assembler, and merchandise marker—jobs that exist in significant numbers in the national economy—and that she therefore is not disabled. (AR 1103-1105.)

In determining how Plaintiff's psychological impairments affect her residual functional capacity, the ALJ reviewed Plaintiff's medical records and found that medical sources often noted normal mood and affect; normal eye contact and speech; good

grooming and hygiene; intact judgment and insight; and significant cognitive functioning. (AR 1098-1099.) The ALJ gave little weight to the opinions of treating provider Larry Onate, M.D., that Plaintiff has limitations in understanding and remembering detailed instructions, making work-related decisions, working in a fast-paced and stressful environment, accepting criticism from supervisors, and completing a normal workday without interruptions from psychological symptoms. (AR 1100-1101.) The ALJ gave great weight to the opinions of consultative examiner Gwendolyn Johnson, Ph.D., that Plaintiff does not have severe psychological limitations. (AR 1101.) The ALJ afforded significant weight to the opinions of consultative examiner Maryanne Belton, Psy.D., that Plaintiff has only mild limitations in understanding and remembering, but the ALJ gave little weight to the remainder of Dr. Belton's opinions. (AR 1101-1102.) The ALJ gave little weight to the lay witness statements of Plaintiff's mother and sister. (AR 1102.)

The R&R finds that the ALJ erred by failing to provide legally sufficient reasons for rejecting the opinions of Dr. Belton and Dr. Onate, that the ALJ failed to properly evaluate the lay witness statements of Plaintiff's mother and sister, and that the ALJ's errors were not harmless. (Doc. 22 at 4-28.) The R&R recommends that this Court apply the credit-as-true rule and remand for an immediate calculation and award of benefits. (*Id.* at 29-30.)

The Commissioner filed a timely Objection. (Doc. 23.) The Commissioner does not make any specific objections to the R&R's conclusions that the ALJ erred in rejecting the opinions of Dr. Belton and Dr. Onate and the lay witness statements of Plaintiff's mother and sister. (*See id.*)[1] The Commissioner challenges only the R&R's recommendation to remand for an immediate calculation and award of benefits, arguing that this Court should instead remand for further administrative proceedings because conflicts in the record preclude application of the credit-as-true rule. (*Id.*) Specifically, the Commissioner argues that portions of Dr. Belton's opinions conflict, and that Dr.

---

[1] In the Objection, the Commissioner "incorporates by reference all facts and arguments" set forth in her July 10, 2023 responsive brief. (*Id.* at 2.) The Court agrees with Plaintiff (Doc. 24 at 2) that the incorporation of arguments made in the responsive brief does not constitute a specific written objection to the R&R.

Onate's opinions conflict with the less-restrictive portions of Dr. Belton's opinions and with the opinions of Dr. Johnson. (*Id.* at 5-6.) The Commissioner further argues that it is unclear whether lay witness statements can be credited as true and that, even if they can, the statements of Plaintiff's mother and sister conflict with the ALJ's unchallenged finding that Plaintiff is not as limited as she claims. (*Id.* at 6-8.)

Plaintiff responded to the Commissioner's Objection, arguing that the R&R appropriately considers all of Dr. Belton's opinions, that the existence of conflicting evidence does not preclude application of the credit-as-true rule, and that Plaintiff is clearly disabled on the existing record when Dr. Belton's and Dr. Onate's opinions are credited as true. (Doc. 24 at 3-7.) Plaintiff further argues that crediting as true the statements of her mother and sister is appropriate and adds further support to the conclusion that she is disabled on the existing record. (*Id.* at 7-8.)

## II. Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## III. Discussion

Given the Commissioner's lack of objection, the Court has reviewed for clear error the portions of the R&R finding that the ALJ erred in rejecting the opinions of Dr. Belton and Dr. Onate and the lay witness statements of Plaintiff's mother and sister, and

- 4 -

that the errors were not harmless. The Court has found no clear error in these portions of the R&R and will accordingly adopt them.

The Court reviews de novo the R&R's recommendation to apply the credit-as-true rule and remand for an immediate calculation and award of benefits. Under 42 U.S.C. § 405(g), the court has the power to affirm, modify, or reverse the decision of the Commissioner, "with or without remanding the cause for a rehearing." Accordingly, "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014).

Under the credit-as-true rule, a court may remand for the immediate calculation and award of benefits if:
> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020. Further administrative proceedings may be useful if "there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Furthermore, even when all the conditions of the credit-as-true rule are satisfied, the court may instead remand for further proceedings if "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. The Ninth Circuit has applied the credit-as-true rule to improperly discredited lay witness testimony, in addition to medical opinions and claimant testimony. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

As discussed above, the Court adopts the R&R's conclusions that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Dr. Onate and Dr. Belton and the lay witness statements of Plaintiff's mother and sister. The Court agrees with the R&R that there is no need for further evidentiary development. The Court also agrees

that, if Dr. Onate's opinions are credited as true, a finding of disability is required.[2]  Dr. Onate opined, in relevant part, that Plaintiff would have noticeable difficulty 11 to 20 percent of the work day or work week with: understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended periods; completing a normal work day or work week without interruptions from psychologically based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; responding appropriately to changes in the work setting; being aware of normal hazards and taking appropriate precautions; traveling in unfamiliar places or using public transportation; setting realistic goals; and making plans independently of others.  (*Id.*)  The vocational expert testified that an individual with these limitations would be unable to sustain employment.  (AR 1138-1139.)

The Court disagrees with the Commissioner's position that conflicts in the record preclude application of the credit-as-true rule.  The Ninth Circuit has credited as true the improperly rejected opinions of a treating physician even when those opinions were contradicted by other physicians' opinions.  *See, e.g.*, *Revels v. Berryhill*, 874 F.3d 648, 662-63, 668-69 (9th Cir. 2017).  For the reasons discussed below, doing so here is appropriate.

Under the pre-2017 regulations that apply to Plaintiff's claim, an ALJ must give controlling weight to a treating physician's opinion if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(c)(2).  If the treating physician's opinion is not entitled to controlling weight, the ALJ must determine how much weight to afford it by considering the length, nature, and extent of the treatment relationship; the frequency of examination; the supportability of the opinion; the extent to which the opinion is consistent with the record as a whole; whether the

---

[2] Because crediting as true the opinions of Dr. Belton and the lay witness statements of Plaintiff's mother and sister would only add further support to this conclusion, the Court focuses its analysis on Dr. Onate's opinions.

treating physician is a specialist; and any other relevant factors. *Id.* § 404.1527(c)(2)-(6). Even when a treating physician's opinion is not entitled to controlling weight, it is still entitled to deference. *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007).

Here, Dr. Onate's opinions were not entitled to controlling weight under the pre-2017 regulations, given the contradictions between his opinions and those of Dr. Belton and Dr. Johnson. *See Orn*, 495 F.3d at 632 (when an examining source provides "independent clinical findings that differ from the findings of the treating physician," such findings are "substantial evidence" (internal quotation marks omitted)). Nevertheless, Dr. Onate's opinions were still entitled to great weight, given the length, nature, and extent of Dr. Onate's treatment relationship with Plaintiff, Dr. Onate's specialty, and consistencies between Dr. Onate's opinions and the record as a whole. Dr. Onate's opinions are consistent with Plaintiff's mother's lay witness statements that Plaintiff has a learning disability, needed special education in school, is easily overwhelmed, and has problems with memory and reading comprehension. (AR 1131-1134.) They are consistent with Plaintiff's sister's statement that Plaintiff needs to read written instructions several times to absorb them. (AR 360-369.) Although there is some contradiction between Dr. Onate's opinions and Dr. Belton's opinion that Plaintiff is only mildly cognitively impaired overall, Dr. Onate's opinions are generally consistent with Dr. Belton's more specific findings, including that Plaintiff has a full-scale IQ of 72; that she struggles with multi-step, complex procedures; that she struggles with word generation, inhibitory control, and complex or switching tasks; that her cognitive abilities are highly variable, with scores on psychometric tests ranging from severely impaired to average; and that Plaintiff's cognitive problems are exacerbated by stress. (AR 1040-1048.) Under the applicable pre-2017 regulations, Dr. Onate's opinions were entitled to greater weight than Dr. Johnson's. In light of Dr. Onate's opinions and the vocational expert's testimony that an individual with the limitations described by Dr. Onate would be unable to sustain employment, the record as a whole does not raise serious doubts as to whether Plaintiff is disabled within the meaning of the Social Security Act.

Accordingly,

**IT IS ORDERED** that the Commissioner's Objection (Doc. 23) is **denied**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 22) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security Administration is **reversed**, and this case is **remanded** to the Commissioner for the calculation and award of benefits.

Dated this 4th day of March, 2024.

_____
Honorable Rosemary Márquez
United States District Judge